UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| Globus Medical, Inc. | COURT FILE NO. _____ |
| **Plaintiff,** | |
| vs. | COMPLAINT |
| Jason Neil Scherer, | |
| **Defendant.** | |

Plaintiff submits this Complaint against Defendant and alleges as follows:

## THE PARTIES

1. Plaintiff is a citizen of Delaware, incorporated under the laws of Delaware, and a citizen of Pennsylvania, with its principal place of business located in Audubon, Pennsylvania.

2. Defendant is an individual citizen of Minnesota, residing in Woodbury, Minnesota.

## JURISDICTION

3. Jurisdiction vests in this Court by virtue of diversity of citizenship between the parties, pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## VENUE

4. Venue properly lies in this District pursuant to 28 U.S.C. §1391(b)(1), since Defendant resides in this District.

## STATEMENT OF FACTS

5. On October 25, 2018, plaintiff extended an offer of employment to defendant, and defendant accepted plaintiff's employment offer ("the contract"). A true and correct copy of said employment offer is attached hereto and incorporated herein as Exhibit "A". Defendant's employment with plaintiff was effective as of November 9, 2018.

6. Plaintiff agreed to compensate defendant for his employment through a monthly salary and other benefits, including, but not limited to, stock options, healthcare insurance, dental insurance, life insurance, and a 401K account.

7. In February 2019, defendant resigned from his position with plaintiff effective March 1, 2019.

8. Plaintiff discovered that defendant continued to accept payments from plaintiff in the form of salary and other benefits up to and including the pay period ending December 15, 2020. Given defendant's resignation, defendant knew that any and all payments provided to him by plaintiff from March 16, 2019 through December 15, 2020 were paid in error.

9. Based on plaintiff's review to date, defendant accepted $268,352.62 in payments from plaintiff over a period of 21 months, all the while knowing that he was no longer performing work or services on behalf of plaintiff and thus was not entitled to accept payments from plaintiff.

10. Although plaintiff has demanded payment from defendant, to date defendant has not responded and has failed to reimburse plaintiff for payments which defendant received in error and has wrongfully withheld.

## FIRST COUNT - STATED ACCOUNT

11. Plaintiff realleges paragraphs 1 through 10 as set forth above.

12. On or about December 15, 2020, defendant was indebted to plaintiff in the amount of $268,352.62, pursuant to a stated account.

13. Although duly demanded, no part thereof has been paid.

## SECOND COUNT - CONVERSION

14. Plaintiff realleges paragraphs 1 through 13 as set forth above.

15. Defendant has wrongfully converted and not repaid plaintiff for payments which defendant received from plaintiff in error from March 16, 2019 through December 15, 2020. Defendant knew that he was not entitled to said payments since he had performed no services under the contract since March 1, 2019. Defendant's actions have wrongly deprived plaintiff of possession of said funds in the amount of $268,352.62, which defendant is obligated to return to plaintiff.

16. Plaintiff's monetary damages caused by defendant's conversion equal $268,352.62, for which plaintiff seeks judgment from defendant.

17. Although duly demanded, no part thereof has been paid.

## THIRD COUNT - BREACH OF CONTRACT

18. Plaintiff realleges paragraphs 1 through 17 as set forth above.

19. Defendant breached his contractual obligations by accepting and retaining contract payments mistakenly made by plaintiff after defendant had resigned his position with plaintiff, and thus was no longer performing contractual services. Defendant knew that he was not entitled to retain said payments. By refusing to return said payments to plaintiff, defendant has caused

damages to plaintiff in the amount of $268,352.62.

20. Although duly demanded, no part thereof has been paid.

## FOURTH COUNT - UNJUST ENRICHMENT

21. Plaintiff realleges paragraphs 1 through 20 as set forth above.

22. By retaining the benefit of plaintiff's payments to defendant in error after defendant had resigned his employment, and by reason of defendant's non-payment of the balance owing as of December 15, 2020, in the amount of $268,352.62, defendant has been unjustly enriched to the extent thereof, and therefore owes plaintiff said amount, which represents the value of said unjust enrichment.

WHEREFORE, plaintiff demands judgment against defendant for the sum of $268,352.62, plus applicable interest, together with plaintiff's costs and disbursements incurred herein, and for such other and further relief as the Court deems just and equitable.

Dated: June 8, 2021

HALPERN LAW FIRM, PLLC

By: /s/ Mark R. Miller
Mark R. Miller           #0135380
Attorneys for Plaintiff
10 South Fifth Street, Suite 400
Minneapolis, MN 55402
(612) 375-1980
Mark@halpernlawfirm.com

## CERTIFICATION

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify, to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: June 8, 2021

HALPERN LAW FIRM, PLLC

By: /s/ Mark R. Miller
Mark R. Miller          #0135380
Attorneys for Plaintiff
10 South Fifth Street, Suite 400
Minneapolis, MN 55402
(612) 375-1980
Mark@halpernlawfirm.com