UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Globus Medical, Inc.,

                              Plaintiff,

vs.

Jason Neil Scherer,

                              Defendant.

Case No. 0:21-CV-01383-PJS-HB

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF JASON NEIL SCHERER**

DEMAND FOR JURY TRIAL
YES X   NO ____

Defendant Jason Neil Scherer ("Scherer"), as and for his Answer, Affirmative Defenses and Counterclaim ("Answer"), to the Complaint of Plaintiff Globus Medical, Inc. ("Plaintiff"), states as follows:

## ANSWER

1.    Scherer specifically denies each and every allegation as set forth in Plaintiff's Complaint, except as herein either expressly admitted or otherwise qualified.

2.    Admits the allegations in paragraphs 1-4.

3.    With respect to the allegations contained in paragraph 5 of the Complaint, admits that the offer letter dated October 25, 2018, appears genuine, and asserts that the offer letter speaks for itself.

4.    With respect to the allegations contained in paragraph 6 of the Complaint, Scherer admits that Plaintiff agreed to pay him certain monies and benefits.

5. With respect to the allegations contained in paragraph 7 of the Complaint, Scherer denies that he resigned. Scherer alleges that during training sessions and testing, Jay Martin, Global Vice President of Sales and Marketing, repeatedly cussed at Scherer, verbally assaulted, accosted, and threatened him. Mr. Martin became irate that Scherer's test scores on training exams were not to his liking, although they were above the minimum level required to pass the exams, and berated and threatened Scherer. When Scherer informed Mr. Martin that his verbal assault was not acceptable, Mr. Martin continued to cuss at him and indicated that he should "f***ing look for a new job". Mr. Martin's conduct was both objectively and subjectively offensive, and a reasonable person would have found it hostile or abusive, due to the frequency of the conduct, its severity, and the fact that it was physically threatening or humiliating, and so severe or pervasive that it unreasonably interfered with Scherer's work performance.

6. Scherer took his concerns to Mr. Martin's manager, Shawn McKenna. Mr. McKenna acknowledged that Mr. Martin could be very difficult to deal with, but that Scherer would have to learn to deal with his wrongful behavior as Mr. Martin was deemed to be an effective trainer. Scherer indicated that he would begin to look for another job. Scherer's employment was never terminated, nor did he resign.

7. With respect to the allegations in paragraph 8 of the Complaint, Scherer admits he continued to be paid a salary and benefits during the time period in question, but denies the allegations that he resigned, that he knew he should not receive such payments, and that they were paid in error.

8. With respect to the allegations in paragraph 9 of the Complaint, Scherer lacks sufficient information to admit or deny the allegations regarding the amount of the payments alleged, and denies the allegations that he resigned, that knew he should not receive such payments, and that they were paid in error.

9. Admits the allegations in paragraph 10 of the Complaint that demand was made by Plaintiff for payment of pretended damages but denies the categorization that anything is or was lawfully owing Plaintiff from Scherer.

10. Denies the allegations in paragraphs 11-22.

## AFFIRMATIVE DEFENSES

**FAILURE TO STATE A CLAIM**

11. Scherer reasserts and realleges each and every allegation contained in its Answer herein.

12. Plaintiff's claims asserted in his Complaint are barred in whole, or in part, as a result of Plaintiff's failure to state a claim against Scherer upon which relief can be granted.

**RELEASE**

13. Scherer reasserts and realleges each and every allegation contained in its Answer herein.

14. Plaintiff's claims, if any, are barred, in part in whole, or in part, by the doctrine of release.

**EQUITABLE ESTOPPEL**

15. Scherer reasserts and realleges each and every allegation contained in its Answer herein.

16. Plaintiff's claims, if any, are barred in whole, or in part, by the doctrine of estoppel.

**UNCLEAN HANDS**

17. Scherer reasserts and realleges each and every allegation contained in its Answer herein.

18. Plaintiff's claims, if any, are barred in whole, or in part, by the doctrine of unclean hands.

**WAIVER**

19. Scherer reasserts and realleges each and every allegation contained in its Answer herein.

20. Plaintiff's claims, if any, are barred in whole, or in part, by the doctrine of waiver.

**NEGLIGENCE**

21. Scherer reasserts and realleges each and every allegation contained in its Answer herein.

22.     Plaintiff's claims, if any, are barred, in whole or in part, because any damages that may have been sustained by Plaintiff were caused by Plaintiff's own actions, inactions, negligence, disclosures and/or omissions, committed by Plaintiff's agents or representatives, or others over which Plaintiff exercised control.

**ACCORD AND SATISFACTION**

23.     Scherer reasserts and realleges each and every allegation contained in its Answer herein.

24.     Plaintiff's claims, if any, are barred, in whole or in part, by the doctrine of accord and satisfaction.

**DETRIMENTAL RELIANCE**

25.     Scherer reasserts and realleges each and every allegation contained in its Answer herein.

26.     Plaintiff's claims, if any, are barred in whole, or in part, by the doctrine of detrimental reliance.

27.     Scherer reserves the right to assert additional affirmative defenses, as may be determined during the course of additional investigation and/or discovery in this litigation.

### SCHERER'S COUNTERCLAIMS

As and for his counterclaims against Plaintiff, Scherer asserts the following:

### COUNT I: BREACH OF CONTRACT

28.     Scherer reasserts and realleges each and every allegation contained in its Answer herein.

29.     The employment offer, effective November 9, 2018, constituted a contract between Scherer and Plaintiff (the "Contract").

30.     Scherer performed any conditions precedent to his right to demand performance by Plaintiff, and/or Plaintiff intentionally frustrated his ability to perform such conditions precedent.

31.     Plaintiff breached the Contract by frustrating and making it impossible for Scherer to continue his training. During training sessions and testing, Jay Martin, Global Vice President of

4

Sales and Marketing, repeatedly cussed at Scherer, verbally assaulted, accosted, and threatened him.  Mr. Martin became irate that Scherer's test scores on training exams were not to his liking, although they were above the minimum level required to pass the exams, and berated and threatened Scherer.  When Scherer informed Mr. Martin that his verbal assault was not acceptable, Mr. Martin continued to cuss at him and indicated that he should "f***ing look for a new job".  Scherer took his concerns to Mr. Martin's manager, Shawn McKenna.  Mr. McKenna acknowledged that Mr. Martin could be very difficult to deal with, but that Scherer would have to learn to deal with his wrongful behavior as Mr. Martin was deemed to be an effective trainer.  Scherer indicated that he would begin to look for another job.  Scherer's employment was never terminated, nor did he resign.  Mr. Martin's conduct was both objectively and subjectively offensive, and a reasonable person would have found it hostile and abusive, due to the frequency of the conduct, its severity, and the fact that it was physically threatening and humiliating, and so severe and pervasive that it unreasonably interfered with Scherer's work performance.

32. Plaintiff also violated the implied covenant of good faith and fair dealing.  The covenant of good faith and fair dealing prohibits a party from "unjustifiably hinder[ing]" the other party's performance of the contract.  *Prairie Island Indian Community v. Minnesota Dept. of Pub. Safety*, 658 N.W.2d 876, 889 (Minn. App. 2003).

33. As a result of Plaintiff's breaches of the Contract, Scherer is entitled to damages in amount in excess of $50,000.00, to be proven at trial, including but not limited to the retention of the amounts paid him under the Contract.

**COUNT II: FALSE STATEMENTS AS INDUCEMENT TO ENTER EMPLOYMENT**

34. Scherer reasserts and realleges each and every allegation contained in its Answer herein.

35. Pursuant to Minn. Stat. § 181.64, "it shall be unlawful for any person . . . to induce, influence, persuade, or engage any person . . . to work in any branch of labor through or by

means of knowingly false representations . . . concerning the kind or character of such work."

36. An offer letter signed by both parties dated October 25, 2018, provides that "Your employment with Globus is conditioned on your successful completion of all mandatory Globus training within the assigned timeframes." Scherer was induced, influenced, and persuaded to enter into an employer-employee relationship based on the terms of the offer letter dated October 25, 2018.

37. Scherer was on course to successfully complete all mandatory training with passing scores. However, directly contrary to Plaintiff's false representation, completion of the training with passing scores within the assigned timeframe was, for some unknown reason, deemed insufficient by Jay Martin, Global Vice President of Sales and Marketing.

38. Moreover, Plaintiff was aware of, and deliberately chose not to disclose, that Scherer would be subjected to abusive, threatening, hostile, and humiliating behavior by Jay Martin, Global Vice President of Sales and Marketing. Plaintiff's intentional concealment of this material fact constitutes a false statement under Minn. Stat. § 181.64.

39. As a result of Plaintiff's violation of Minn. Stat. § 181.64, Scherer is entitled to damages in amount in excess of $50,000.00, to be proven at trial, together with costs and disbursements, including the recovery of Scherer's attorney's fees pursuant to Minn. Stat. § 181.65.

## COUNT III: VIOLATION OF MINN. STAT. § 181.03

40. Scherer reasserts and realleges each and every allegation contained in its Answer herein.

41. Pursuant to Minn. Stat. § 181.03, subd. 1, "An employer may not, directly or indirectly and with intent to defraud… directly or indirectly demand or receive from any employee any rebate or refund from the wages owed the employee under contract of employment with the employer."

42. The wages paid to Scherer were owed to Scherer pursuant to the contract of employment.

43. This lawsuit, by its very nature, is a direct demand for a refund of wages paid to an employee.

44. Pursuant to Minn. Stat. § 181.03, Plaintiff is liable for damages in the amount of $536,705.24. *See* Minn. Stat. § 181.03, subd. 3 (employer who violates statute is liable for damages "for twice the amount in dispute").

45. Pursuant to Minn. Stat § 181.171, the court "shall order an employer who is found to have committed a violation [of section 181.03] to pay to the aggrieved party reasonable costs, disbursements, witness fees, and attorney fees."

46. As a result of Plaintiff's violation of Minn. Stat. § 181.03, Scherer is entitled to damages in the amount of $536,705.24, together with reasonable costs, disbursements, witness fees, and attorney fees.

**WHEREFORE**, Defendant and Counterclaimant Scherer respectfully requests judgment as follows:

    a. Denial of the relief sought in Plaintiff's Complaint and the dismissal of Plaintiff's claims with prejudice on the merits;

    b. Pursuant to Count I, that Scherer be awarded damages in an amount in excess of $50,000.00, to be proven at trial, including, but not limited to, the retention of the amounts paid him under the Contract; and

    c. Pursuant to Count II, that Scherer be awarded damages in an amount in excess of $50,000.00, to be proven at trial, together with costs and disbursements, including the recovery of Scherer's attorney's fees pursuant to Minn. Stat. § 181.65.

    d. Pursuant to Count III, Scherer is entitled to damages in the amount of $536,705.24, together with reasonable costs, disbursements, witness fees, and attorney fees.

    e. Such other and further relief as the Court may deem just and equitable.

                                              GDO LAW

Dated: August 11, 2021               /s/ Christopher Olson
                                              Christopher L. Olson (#0395191)
                                              4770 White Bear Parkway, Suite 100
                                              White Bear Lake, MN  55110
                                              Telephone:  651-426-3249
                                              chrisolson@gdolaw.com

                                  **ATTORNEYS FOR JASON SCHERER**

### CERTIFICATION

Under Rule 11, by signing below, I certify, to the best of my knowledge, information, and belief formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

                                              GDO LAW

Dated: August 11, 2021               /s/ Christopher Olson
                                              Christopher L. Olson (#0395191)
                                              4770 White Bear Parkway, Suite 100
                                              White Bear Lake, MN  55110
                                              Telephone:  651-426-3249
                                              chrisolson@gdolaw.com