UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| Globus Medical, Inc., | COURT FILE NO. 21-cv-1383 -PJS/HB |
| **Plaintiff,** | |
| vs. | |
| | **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM** |
| Jason Neil Scherer, | |
| **Defendant.** | |

Plaintiff, Globus Medical, Inc., submits its Answer to Defendant's Counterclaim as follows:

## COUNT I

28. Plaintiff denies the allegations in paragraphs 5 through 9 of Defendant's Answer.

29. Plaintiff admits only that it provided Defendant with an employment offer effective November 9, 2018. The remaining allegations in paragraph 29 of the Counterclaim purport to characterize the terms of that offer letter, which is a written document that speaks for itself. To the extent that the allegations in paragraph 29 are inconsistent with the offer letter, Plaintiff denies such allegations.

30. The allegations in paragraph 30 of the Counterclaim constitute legal conclusions to which no response is required. To the extent a response is deemed required, Plaintiff denies the allegations in paragraph 30 of the Counterclaim.

1

31. The allegations in paragraph 31 of the Counterclaim constitute legal conclusions to which no response is required, and/or purport to characterize the terms of the offer letter, which is a written document that speaks for itself. To the extent that the allegations in paragraph 31 are inconsistent with the offer letter, Plaintiff denies such allegations. Plaintiff denies the remaining allegations in Paragraph 31. Plaintiff specifically denies that Defendant did not resign from Plaintiff, as Defendant notified Plaintiff on February 11, 2019, of his resignation effective March 1, 2019.

32. The allegations in paragraph 32 of the Counterclaim constitute legal conclusions to which no response is required, and/or purport to characterize the terms of the offer letter, which is a written document that speaks for itself. To the extent that a response is deemed required, Plaintiff denies the allegations in paragraph 32 of the Counterclaim.

33. The allegations in paragraph 33 of the Counterclaim constitute legal conclusions to which no response is required, and/or purport to characterize the terms of the offer letter, which is a written document that speaks for itself. To the extent that a response is deemed required, Plaintiff denies the allegations in paragraph 33 of the Counterclaim.

## COUNT II

34. Plaintiff reasserts its answer to Paragraph 28 as its answer to Paragraph 34 of the Counterclaim.

35. In answer to paragraph 35 of the Counterclaim, Plaintiff states that the allegations therein set forth legal conclusions to which no response is required. Further answering,

Plaintiff denies making any "knowingly false representations" to Defendant, and thus could not be liable under the cited statute.

36. The allegations in paragraph 36 of the Counterclaim constitute legal conclusions to which no response is required, and/or purport to characterize the terms of the offer letter, which is a written document that speaks for itself. To the extent that the allegations in Paragraph 36 are inconsistent with the offer letter, Plaintiff denies such allegations. Plaintiff denies the remaining allegations in Paragraph 36.

37. Plaintiff denies the allegations in paragraph 37 of the Counterclaim.

38. Plaintiff denies the allegations in paragraph 38 of the Counterclaim.

39. The allegations in paragraph 39 of the Counterclaim constitute legal conclusions to which no response is required. To the extent a response is deemed required, Plaintiff denies the allegations in paragraph 39 of the Counterclaim.

## COUNT III

40. Plaintiff reasserts its answer to Paragraph 28 as its answer to Paragraph 40 of the Counterclaim.

41. In answer to paragraph 41 of the Counterclaim, Plaintiff states that the allegations therein set forth legal conclusions to which no response is required. Further answering, Plaintiff states that it cannot liable under the cited statute since no wages were owed to Defendant after he resigned his employment from Plaintiff, effective March 1, 2019.

42. The allegations in paragraph 42 of the Counterclaim constitute legal conclusions to which no response is required, and/or purport to characterize the terms of the offer letter, which is a written document that speaks for itself. To the extent that a response is deemed required, Plaintiff denies the allegations in paragraph 42 of the Counterclaim.

43. Plaintiff denies the allegations in paragraph 43 of the Counterclaim, and, further answering, states that, since Defendant voluntarily resigned his employment with Plaintiff, effective March 1, 2019, he was no longer an "employee" of Plaintiff, and thus not entitled to any wages after his resignation.

44. In answer to paragraph 44 of the Counterclaim, Plaintiff states that the allegations therein set forth legal conclusions to which no response is required. Further answering, Plaintiff states that it could not be liable under the cited statute, since Defendant voluntarily resigned his employment with Plaintiff, effective March 1, 2019, was therefore no longer an "employee" of Plaintiff, and thus not entitled to any wages after his resignation.

45. In answer to paragraph 45 of the Counterclaim, Plaintiff states that the allegations therein set forth legal conclusions to which no response is required. Further answering, Plaintiff states that it could not be liable under the cited statute, since Defendant voluntarily resigned his employment with Plaintiff, effective March 1, 2019, was therefore no longer an "employee" of Plaintiff, and thus not entitled to any wages after his resignation.

46. The allegations in paragraph 46 of the Counterclaim constitute legal conclusions to which no response is required. To the extent a response is deemed required, Plaintiff denies the allegations in paragraph 46 of the Counterclaim.

## GENERAL DENIAL

Plaintiff denies each and every allegation contained in Defendant's Counterclaim that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Defendant's claims are barred, in whole or in part, because Defendant voluntarily resigned his employment with Plaintiff, effective March 1, 2019, and was therefore no longer an "employee" of Plaintiff after such date.

2. Since Defendant voluntarily resigned his employment with Plaintiff, effective March 1, 2019, and was therefore no longer an "employee" of Plaintiff, his claims are barred by the doctrines of estoppel, laches, waiver, offset, and/or set off.

3. Defendant's claims are barred, in whole or in part, because Defendant was at all times an "at will" employee, as expressly stated in the offer letter.

4. Defendant's claims are barred, in whole or in part, because Plaintiff has not violated the statutes that Defendant seeks to enforce.

5. Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

## RELIEF REQUESTED

Plaintiff denies all the allegations and assertions contained in Defendant's request for relief in its Counterclaim, and specifically denies that Defendant is entitled to any relief whatsoever. Plaintiff respectfully requests the Court to dismiss Defendant's Counterclaim in its entirety, to deny the relief requested by Defendant, to enter judgment on behalf of Plaintiff and against Defendant on Defendant's Counterclaim, and to assess attorneys' fees against Defendant, in addition to Plaintiff's costs and expenses incurred in defending Defendant's Counterclaim.

**HALPERN, COTTRELL, GREEN, PA**

Dated: September 21, 2021

By: /s/ Mark R. Miller
Mark R. Miller        #0135380
Attorneys for Plaintiff
10 South Fifth Street, Suite 400
Minneapolis, MN 55402
(612) 375-1980
Mark@halperncottrell.com

## CERTIFICATION

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify, to the best of my knowledge, information, and belief that this answer to counterclaim: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable

opportunity for further investigation or discovery; and (4) this answer to counterclaim otherwise complies with the requirements of Rule 11.

                                          **HALPERN, COTTRELL, GREEN, PA**

Dated: September 21, 2021          By: <u>/s/Mark R. Miller</u>
                                          Mark R. Miller    #0135380
                                          Attorneys for Plaintiff
                                          10 South Fifth Street, Suite 400
                                          Minneapolis, MN 55402
                                          (612) 375-1980
                                          Mark@halperncottrell.com